**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CARLOS ERNESTO PINEDA REYES,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1189-KC** |
| **OFFICER IN CHARGE, ERO EL PASO CAMP EAST MONTANA,** | § § § § | |
| **Respondent.** | § § | |

**<u>ORDER</u>**

On this day, the Court considered Carlos Ernesto Pineda Reyes' Petition for a Writ of Habeas Corpus, ECF No. 1. As Pineda Reyes acknowledges in the Petition, this Court granted in part his previous petition for a writ of habeas corpus on April 7, 2026. *Id.* ¶ 12; *see* Order, *Pineda Reyes v. Watkins*, 3:26-cv-855-KC (W.D. Tex. Apr. 7, 2026), ECF No. 7. And ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Order, *Pineda Reyes*, 3:26-cv-855-KC.

In compliance with the Court's April 7 Order, Pineda Reyes was provided with a bond hearing on April 13, at which the IJ determined that he was a flight risk and denied him bond on that basis. Pet. ¶ 13; Final J., *Pineda Reyes*, 3:26-cv-855-KC (W.D. Tex. Apr. 16), ECF No. 10; *see also* Resp. Ex. A ("IJ Order"), *Pineda Reyes*, 3:26-cv-855-KC (W.D. Tex. Apr. 16), ECF No. 9-1. The IJ found that the Government met its burden on flight risk because Pineda Reyes "has

no legally availably way to remain in the United States, but desires [to] remain in the United States [and] has no intention to depart."  IJ Order 1.

Pineda Reyes has now filed the instant Petition seeking his immediate release or a new bond hearing.  Pet. ¶ 15.  He argues that he was not provided due process because he "was unrepresented and unable to effectively present evidence" at the bond hearing.  *Id.* at 9.  And that the Government failed to meet its burden because the fact that he has a child in the United States and employment authorization until 2030 demonstrates that he is not a flight risk.  *See id.*

But this Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Here, Pineda Reyes was provided with a bond hearing on April 13, and there is no indication that the IJ failed to make factual findings or conduct an individualized determination.  While Pineda Reyes was entitled to have his counsel present at the hearing, it does not appear that he retained counsel, and there is no constitutional right to counsel in immigration proceedings.  *See Kasangaki v. Barr*, No. 5:19-cv-465-FB, 2019 WL 13221026, at *5 (W.D. Tex. July 31, 2019) (citing *F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005)).  To the extent Pineda Reyes disagrees with the IJ's determination, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination.  Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.  *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED**.

The Clerk shall close the case.

2

3

**SO ORDERED**.

SIGNED this 30th day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3